**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

SOUTHWEST RE, INC.,

        Plaintiff,

v.                                             No. CIV 10-856 BB/WPL

G.B. INVESTMENTS REINSURANCE CO., LTD.,

        Defendant.

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court for consideration of Defendant G.B. Investments Reinsurance Co., Ltd.'s ("G.B. Investments") motion to dismiss (Doc. 21).  After considering all submissions of the parties and the applicable law, the Court will *GRANT* the motion.

**Background**

On August 10, 2010, Plaintiff filed the instant suit in New Mexico state court; Defendant removed the suit to this Court September 15, 2010.  The suit arises from a reinsurance agreement Defendant made with another company that is not a party in this suit.  Doc. 1-1, p. 2.  Plaintiff satisfied certain debt obligations that Defendant had acquired under the reinsurance agreement.  *Id*.  Subsequently, Plaintiff demanded payment from Defendant for the amount Plaintiff paid on its behalf.  *Id*. p. 3.  Defendant did not repay Plaintiff.  *Id*.  Plaintiff then filed this suit, bringing claims of unjust enrichment and money had and received, in order to recover from Defendant.  *Id*.  Here, Defendant moves for dismissal of Count II (money had and received), on the ground that it is duplicative of Count I (unjust enrichment).  Doc. 21, p. 1.

**Standard of Review**

In deciding a motion to dismiss, the Court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  *See id.*  A plaintiff does not have to provide detailed facts, but the complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

**Discussion**

Defendant brings this motion pursuant to Fed. R. Civ. Pro. 12(b)(6), arguing that Plaintiff has failed to state a claim for which relief can be granted in Count II of its complaint where Count II is duplicative of Count I.  Plaintiff argues that Count II is an alternative ground for recovery, not a duplicative claim.  Federal R. Civ. Pro. 8 (d)(2) allows plaintiffs to make alternative claims in separate counts of their complaints.  However, federal courts have dismissed claims pursuant to Fed. R. Civ. Pro. 12(b)(6) when those claims are duplicative of other claims in the suit.  *See, e.g.*, *Van Vliet v. Cole Taylor Bank*, 2011 WL 148059, at *2 (N.D.Ill., 2011); *Free Conferencing Corp. v. Sancom, Inc*., 2011 WL 1486199, at *3 (D.S.D., 2011); *Norris v. Sealed Air Corp*., 2009 WL 234336, at *2 (D.S.C., 2009); *Jenkins v. City of Westwego*, 2009 WL 3062478, at *5 (E.D.La., 2009); *Pourzal v. Marriott Intern., Inc.*, 305 F.Supp.2d 544, 548 (D.Virgin Islands, 2004); *Stubbs v. McDonald's Corp*., 224 F.R.D. 668, 673-674 (D.Kan., 2004). In addition, Fed. R. Civ. Pro. 12(f) allows courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

Claims are duplicative when they are substantially the same as other claims in the suit. *Van Vliet*, 2011 WL 148059 at *2 (citing *Norfleet v. Stroger*, 297 Fed. Appx. 538, 540 (7th Cir. 2008)).  They may also be duplicative where the plaintiff would not be able to recover damages under the duplicative theory that are not available under the other theories.  *Greenhorn v. Marriott Intern., Inc.,* 258 F.Supp.2d 1249, 1260-61 (D.Kan., 2003).  If the substance of the claim is already asserted in another claim, then the second claim is duplicative.  *Pourzal*, 305 F.Supp.2d at 548; *see also*, *Concesionaria DHM, S.A. v. International Finance Corp.*, 307 F.Supp.2d 553, 564 (S.D.N.Y., 2004) (dismissing contract law claim as duplicative where the underlying conduct was also the predicate conduct for another contract law claim in the suit).

In this case, Defendant argues that the New Mexico state law claim of money had and received (Count II) is duplicative of the New Mexico state law claim of unjust enrichment (Count I).  Unjust enrichment and money had and received are both equitable forms of relief defined by common law.  *See Miller v. Bourdage*, 653 P.2d 177, 180 (N.M.Ct.App. 1982).  In New Mexico, an action for money had and received is the legal means of obtaining the equitable remedy of restitution.  *Id*.  Unjust enrichment is another phrase "frequently used in the common-law remedy of restitution..."  The two causes of action are substantially similar, if not exact duplicates.  *See id*.  Indeed, the Honorable Judge Brack has explicitly held that "[a] money had and received claim in New Mexico is the equivalent of an unjust enrichment claim."  *Woodard v. Fidelity Nat. Title Ins. Co.*, 2007 WL 5173415, at *8 (D.N.M., 2007).

District courts outside of New Mexico have conflicting precedent as to whether a claim for money had and received is duplicative of a claim for unjust enrichment.  It is important to note that each of those courts was addressing the common law of the state in which it is located, not federal law.  Here, the Court is bound to analyze the common law of New Mexico in order to

3

determine if Counts I and II of the complaint are duplicative. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (federal courts sitting in diversity jurisdiction must "ascertain and apply the state law"). Thus, federal precedent based on other states' laws has little utility in the instant matter.

Although New Mexico courts have not delineated the specific elements of a money had and received claim, the *Miller* opinion does explain how similar that claim is to one of unjust enrichment. 653 P.2d at 180. There, the Court of Appeals simply treated money had and received as another way to bring a legal claim under the "broad and expansive" equitable doctrine of unjust enrichment. *Id.* The court did not say that the two causes of action were identical, but rather that money had and received was one of various names for an unjust enrichment claim. *Id.* There is no subsequent case law in the state courts of New Mexico that indicates that the two claims are distinct from each other. And, the only federal court in New Mexico to address the question held that a money had and received claim is "the equivalent" of an unjust enrichment claim and dimissed it as duplicative. *Woodard,* 2007 WL 5173415 at *8. Plaintiff has not provided and the Court has not found any basis for determining that the two claims are separate and distinct. Thus, the Court will agree with Judge Brack's determination that the two claims are duplicative and dismiss Count II pursuant to Fed. R. Civ. Pro. 12(b)(6).

### Conclusion

Pursuant to the foregoing, Defendant's motion to dismiss (Doc. 21) will be *GRANTED*.


Dated this 17th day of June, 2011.

BRUCE D. BLACK
United States District Judge

4